# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,** )<br>10 S. Howard Street, 3rd Floor )<br>Baltimore, MD 21201, )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>**Safeway Inc.,** )<br>444 West MD College Drive )<br>Westminster, MD 21158, )<br> )<br>**Defendant.** )<br> ) | Civil Action No.<br><br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Patricia Bonds, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Safeway, Inc. ("Defendant" or "Safeway") unlawfully discriminated against Bonds by effectively discharging her and denying her a reasonable accommodation based on her disability, adhesive capsulitis and torn rotator cuff of the right shoulder.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Bonds filed a charge with the Commission alleging violations of the ADA by Safeway.

8. On or around August 12, 2015, the Commission issued to Defendant a Letter of

Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or around September 17, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. At all relevant times, Bonds was qualified as defined by the statute, and meeting Defendant's legitimate job expectations. Bonds began working for Defendant in October 10, 2005, as a sales specialist. Defendant promoted her to Food Clerk on April 13, 2008.

14. Bonds sustained a work-related injury to her right shoulder on October 5, 2011. She was diagnosed with adhesive capsulitis and torn rotator cuff of the right shoulder, which substantially limited Bonds's musculoskeletal functioning and lifting ability

15. Shortly after sustaining her injury, Bonds returned to work and was placed on modified duty, distributing flyers, greeting customers at the store entrance, and straightening shelves.

16. In or around April 2012, Defendant hired a new store manager who assigned Bonds to work at the customer service desk, which she continued to do throughout her period of

modified duty work.

17. On or around June 13, 2012, Bonds underwent surgery to her right shoulder and returned to work in July 2012. She continued to work at the customer service desk.

18. On or around January 6, 2013, Defendant determined that Bonds had exhausted her time limits on modified duty and placed her on indefinite, unpaid leave.

19. On or around January 23, 2013, Bonds sent a written accommodation request to Defendant requesting the accommodation of continued work at the customer service desk.

20. Despite Bonds's desire to return to work, Defendant explained in a letter dated May 8, 2013, that it would not accommodate her.

21. At all times, Bonds successfully performed the essential functions of her customer service job.

22. Defendant engaged in unlawful employment practices in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) in January 2013 when it denied Bonds's request for a reasonable accommodation of reassignment and placed her on indefinite, unpaid leave, which resulted in her effective termination, because of her disability.

23. Defendant further engaged in unlawful employment practices beginning in or around January 2013 in violation of Sections 102(b)(5)(A) and (B) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A) by failing to provide a reasonable accommodation of reassignment to Bonds.

24. The effect of the practices complained of above has been to deprive Bonds, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment

of life.

25.     The unlawful employment practices complained of above were intentional.

26.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Bonds.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C.     Order Defendant to make whole Bonds by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D.     Order Defendant to make Bonds whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

E.     Order Defendant to make Bonds whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.   Order Defendant to pay Bonds punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

G.   Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H.   Grant such further relief as the Court deems necessary and proper in the public interest; and

I.   Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney

AMBER TRZINSKI FOX
Trial Attorney, Bar ID 803666
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2763 (phone)
amber.fox@eeoc.gov